IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY J. MEEKS,

                       Plaintiff,

  v.                                                  OPINION & ORDER

SGT. PAUL, and JOHN DOE (WHITE SHIRT),         14-cv-703-jdp

                       Defendants.

---

Plaintiff Jerry Meeks, a Wisconsin prisoner currently housed at the Oshkosh Correctional Institution, brings claims that officials at the Columbia Correctional Institution took away medically prescribed shoes while he was incarcerated there, leaving him in severe pain. Defendant Dale Paul has filed a motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies.[1] Because I conclude that plaintiff has failed to exhaust his administrative remedies, I will grant Paul's motion and dismiss the case.

ANALYSIS

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment

---

[1] Defendant John Doe captain has not yet been identified and thus is not a party to defendant Paul's motion. However, the exhaustion issue resolves the claims against both Paul and the Doe captain.

record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The purpose of administrative exhaustion is not to protect the rights of officers, but to give prison officials a chance to resolve the complaint without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision through the Inmate Complaint Review System ("ICRS"). Wis. Admin. Code §§ DOC 310.07 (laying out four-step review process) and DOC 310.09 (setting rules for content and timing of grievances). Failure to follow these rules may require dismissal of the prisoner's case. *Perez*, 182 F.3d at 535. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because

exhaustion is an affirmative defense, defendant bears the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Plaintiff's claim is that defendants Paul and John Doe captain confiscated his medically prescribed shoes sometime around October 21, 2013. It is undisputed that the only inmate grievance plaintiff filed about the confiscation of his shoes, No. CCI-2014-19328, was filed on September 30, 2014, almost a year after confiscation. On October 17, 2014, Institution Complaint Examiner Isaac Hart rejected the grievance as untimely under Wis. Admin. Code § DOC 310.11(5)(d), which states that a grievance may be rejected if "[t]he inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits." Plaintiff appealed to Warden Michael Dittman, who affirmed the rejection on October 24, 2014.

Defendant argues that plaintiff failed to properly exhaust his administrative remedies for two reasons. The first is that he filed his grievance far past the 14-day deadline provided in the administrative rules. The second is that even if the grievance was considered properly filed, it cannot serve to fulfill the exhaustion requirement because he did not complete the grievance process before filing his civil lawsuit.

This second reason forecloses the possibility that grievance No. CCI-2014-19328 could serve to exhaust plaintiff's remedies, because exhaustion cannot occur after the filing of the complaint in this court. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation."). It is undisputed that plaintiff filed his civil complaint in this court on October 15, 2014, while he was still awaiting the decision from the institution complaint examiner on the first step of the grievance process.

3

Plaintiff argues that his mental illness is a "special circumstance[]" warranting denial of the exhaustion motion. I construe this as an argument that the grievance process was "unavailable" to him and thus he did not need to comply with it before bringing this lawsuit. There is little doubt that if plaintiff were truly incapacitated, he could not be expected to submit a grievance during that time. But the evidence submitted by the parties shows that this was not the case.

Plaintiff provides documents showing that he has been diagnosed with Schizoaffective Disorder and Antisocial Personality Disorder and that he received treatment at the Wisconsin Resource Center. Dkt. 24-1. But he does not explain how these illnesses affected his ability to file a grievance. Defendant submits plaintiff's grievance history, which shows that he filed nine grievances about other topics between December 2013 and September 2014. Dkt. 22-1. Even assuming for purposes of this opinion that plaintiff was incapacitated directly after the confiscation of his shoes, he was clearly able to file grievances months before he filed No. CCI-2014-19328. I conclude that defendant has adequately shown that the grievance process was available to plaintiff well before he filed his untimely grievance.

Plaintiff also argues that the grievance system is not truly "available" where the prison asks for money damages that are not a remedy available in that system. This theory has already been rejected by the United States Supreme Court. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001) ("we think that Congress has mandated exhaustion clearly enough, regardless of the relief sought through administrative procedures").

Because I conclude that defendant Paul has met his burden of showing that plaintiff failed to exhaust his administrative remedies, this case must be dismissed without prejudice. *Ford*, 362 F.3d at 401 (dismissal for failure to exhaust is always without prejudice). It is

doubtful that plaintiff will be able to exhaust his particular claims against defendants Paul and the Doe captain. But if plaintiff believes that he is still being denied his medically prescribed shoes, he remains free to file a new lawsuit about the ongoing violation, after fully exhausting the grievance process.

ORDER

IT IS ORDERED that:

1. Defendant Dale Paul's motion for summary judgment based on plaintiff Jerry Meeks's failure to properly exhaust his administrative remedies, Dkt. 20, is GRANTED. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered February 8, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge